Nicholson v. Kafka.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

HUGO M. NICHOLSON, APPELLEE. V. JEROME KAFKA ET AL., APPELLANTS.

FILED FEBRUARY 12, 1926.   No. 23739.

Statutes: VALIDITY. Chapter 5, Laws 1922, enacted at the special session of the legislature which convened January 24, 1922, pursuant to a proclamation of the governor, dated January 16, 1922, *held* to fall within the purview of that proclamation and to be a valid enactment.

APPEAL from the district court for Cuming county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*A. R. Oleson,* for appellants.

*Zacek & Nicholson, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

Nicholson v. Kafka.

Per Curiam.

This is an action to foreclose a mortgage upon certain real estate in Cuming county; a decree of foreclosure was entered and the premises sold under the usual proceedings. After the sale, defendants filed objections to its confirmation; the objections were overruled, the sale confirmed, and defendants have appealed.

The point presented raises the validity of the notice advertising the real estate for sale. It is agreed that the publisher of the newspaper in which the notice of sale was published had not complied with the provisions of chapter 185, Laws 1921.

Chapter 185, Laws 1921, provided for the filing of a certain affidavit by the publisher of a newspaper publishing legal notices, and by chapter 5, Laws 1922, passed at a special session of the legislature convened under a proclamation of the governor, dated January 16, 1922, chapter 185, Laws 1921, was expressly repealed, and certain publication of notices theretofore made were, by its terms, "declared legal and valid and of the same force and effect as if publication had been made in newspapers which had in fact complied with said provisions of chapter 185, Laws 1921."

Appellant contends chapter 5, Laws 1922, did not fall within the terms of the governor's proclamation; that the legislature could legally enact no legislation not provided for in the governor's call, and therefore chapter 5, Laws 1922, is null and void. We have examined the proclamation of the governor and find that by paragraph 6 thereof the legislature, then called to convene, was authorized to pass "an act relating to legal notices in newspapers," and we therefore hold chapter 5, Laws 1922, enacted at the special session which convened pursuant to the call of the governor, January 24, 1922, is a valid and binding act.

The judgment of the district court is

AFFIRMED.